

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) Case No. 02 C 4592 |
| Plaintiff, | ) |
| | ) |
| v. | ) Honorable Charles R. Norgle |
| | ) |
| Dr. KEVIN SMITH and | ) |
| Dr. EVARISTO AGUINALDO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendants Kevin Smith's and Evaristo Aguinaldo's Motion for Summary Judgment, brought pursuant to Federal Rule of Civil Procedure 56(b). For the following reasons, Defendants' Motion for Summary Judgment is granted.

## I. BACKGROUND[1]

### A. Facts

Plaintiff Gregory Turley ("Turley") is presently incarcerated within the Illinois Department of Corrections. At all times relevant to this matter, Turley was housed at the Stateville Correctional Center in Joliet, Illinois. Drs. Kevin Smith ("Smith") and Evaristo Aguinaldo ("Aguinaldo") were both licensed physicians working at Stateville at all times relevant to this matter. Smith and Aguinaldo will be referred to collectively as "Defendants."

On April 10, 2001, Turley met with a medical technician in Stateville, and complained of

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text.

1

pain in his left knee. (Turley asserts that he injured his knee in 1989, and has suffered from chronic pain and weakness in the knee since that time.) The technician referred Turley to Aguinaldo, who examined Turley that same day. Turley explained his chronic injury to Aguinaldo, and requested that Aguinaldo prescribe a knee brace for him. Aguinaldo examined Turley, and found no abnormalities in the knee. Aguinaldo instructed Turley on exercises to strengthen the knee, and prescribed Tylenol for the pain, but he determined that Turley's knee was normal and that a knee brace was not medically indicated.

Turley then asserts that on January 12, 2002, as he was descending a flight of stairs, his left knee "popped out" of joint, and he fell awkwardly into a handrail, injuring himself in the groin area. Turley visited Aguinaldo again, who diagnosed Turley with a right inguinal hernia. "An inguinal hernia occurs when a loop of bowel pushes through a weakness in the inguinal canal, which is a triangle-shaped opening between the layers of abdominal muscle near the groin." Http://www.nhsdirect.nhs.uk/en.asp?TopicID=238. Aguinaldo referred Turley to a surgeon for consultation. On February 6, 2002, Turley was seen by Dr. Natesha, who diagnosed a reducible right inguinal hernia, and recommended that it be surgically repaired. A hernia is "reducible" if it can be returned to the abdominal cavity, either spontaneously or manually. Http://www.emedicine.com/emerg/topic251.htm. A reducible hernia is generally not a medical emergency, and immediate surgery is not always indicated. Http://www.usurg.com/news/ Hernia.htm. The acting Medical Director at Stateville, Defendant Smith, determined that because Turley's hernia was reducible, and not incarcerated or strangulated, surgery was not the best option in this case. A hernia is "incarcerated" when it is no longer reducible. Http://www.emedicine.com/emerg/ topic251.htm. A hernia is "strangulated" when it is

2

incarcerated and the supply of blood to the bowel is cut off. Id. A strangulated hernia is a medical emergency requiring immediate surgery. Http://www.emedicinehealth.com/fulltext/13842.htm. Because Turley's hernia was neither incarcerated nor strangulated, Smith prescribed conservative treatment of rest and avoidance of strenuous activity.

On March 15, 2002, Turley visited Aguinaldo once more, complaining of severe pain in his lower abdomen, near his groin area. Upon examining Turley, Aguinaldo determined that Turley was not presently in distress, and that the hernia was still reducible and not incarcerated or strangulated. Aguinaldo took no further action at that time. On April 9, 2002, Turley indicated to a medical technician that he was again experiencing abdominal pain. Turley then visited Aguinaldo on April 11, 2002, at which time Turley did not complain about abdominal pain. Aguinaldo also examined Turley's knee during this visit, and determined that Turley's knee was normal. In response to Turley's complaints about knee pain, however, Aguinaldo prescribed exercise and an ace bandage for Turley's knee. Turley then visited Smith on April 24, 2002. Smith determined that since Turley's hernia was still reducible, and still not incarcerated or strangulated, surgery was again not indicated at that time. Smith gave Turley a prescription for Tagamet, a heartburn medication.

On July 19, 2002, Smith offered to set up an appointment with another doctor so that Turley could get a second opinion regarding his hernia. Turley eventually obtained a second opinion from doctors at the University of Illinois at Chicago ("UIC"), who recommended that Turley's hernia be surgically repaired. On September 25, 2002, doctors at UIC repaired Turley's hernia.

## B. Procedural History

Turley first filed two Grievances within the Illinois Department of Corrections. Both Grievances were denied. Then, on June 26, 2002, Turley filed a complaint in the District Court against Aguinaldo, Smith, and various other defendants alleging a violation of 42 U.S.C. § 1983.[2] Turley asserts that Aguinaldo and Smith were deliberately indifferent to his medical needs regarding his knee injury and his hernia in violation of the Eighth and Fourteenth Amendments. Aguinaldo and Smith have since filed a Motion for Summary Judgment. That Motion is fully briefed and before the court.

## II. DISCUSSION

## A. Standard of Decision

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. FED.

---

[2] The other defendants, administrators within the Illinois Department of Corrections, have been dismissed as parties in this case. The court also notes that Turley has filed two other suits in the Northern District of Illinois, case numbers 03 C 8491 and 02 C 8889.

4

R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the plaintiff's favor must be drawn from specific facts identified in the record that support the plaintiff's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)). With these principles in mind, the court examines Defendants' Motion.

**B. Deliberate Indifference**

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments;" this Amendment was made applicable to the States by the Fourteenth Amendment. U.S. CONST. amend VIII; Estelle v. Gamble, 429 U.S. 97, 101 (1976). Numerous Supreme Court decisions have held that the Eighth Amendment "proscribes more than physically barbarous punishments," but also "punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" Id. at 102 (quoting Trop v.

Dulles, 356 U.S. 86, 100-01 (1958)). Punishments that "'involve the unnecessary and wanton infliction of pain'" are therefore unconstitutional. Id. at 103 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).

It follows from these principles, the Estelle court held, that the government is obligated to provide medical care to those it punishes by incarceration. Id. The "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Id. at 105 (quoting Gregg, 428 U.S. at 173). "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Id.; see also Eades v. Thompson, 823 F.2d 1055, 1060 (7th Cir. 1987).

Not every instance of arguably deficient medical care creates a cause of action for a prisoner, however. In order to make out a legitimate claim of deliberate indifference, a prisoner must establish "both objective and subjective elements." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)). "In the medical care context, the objective element requires that the inmate's medical needs be sufficiently serious." Id. "The subjective element requires that the prison official acted with a sufficiently culpable state of mind." Id.; see also Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996). In order to establish deliberate indifference, the plaintiff must therefore show that "the defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." Walker, 293 F.3d at 1037.

Estelle and its progeny also provide that where a prison physician is only negligent in treating an inmate, no cause of action under § 1983 exists. Estelle, 429 U.S. at 106 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a

valid claim of medical mistreatment under the Eighth Amendment"); Snipes, 95 F.3d at 590 ("[m]ere negligence or even gross negligence does not constitute deliberate indifference"); see also Eades, 823 F.2d at 1060. In addition, the mere fact that an inmate disagrees with a course of treatment provided by a prison physician does not, without more, establish deliberate indifference. Snipes, 95 F.3d at 591 ("mere disagreement with the course of [the inmate's] medical treatment [does not constitute] an Eighth Amendment claim of deliberate indifference").

The court must "examine the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs." Walker v. Peters, 233 F.3d 494, 501 (7th Cir. 2000); see also Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999); Dunigan ex rel. Nyman v. Winnebago County, 165 F.3d 587, 591 (7th Cir. 1999); Gutierrez, 111 F.3d at 1375. The court will therefore "look at all of the medical services [Turley] received" in determining whether Drs. Smith and Aguinaldo acted with deliberate indifference towards Turley's medical conditions. See Reed, 178 F.3d at 855.

## C. Turley's Assertion that Defendants Acted with Deliberate Indifference to his Medical Conditions

In this case, the court first notes that Turley was afforded numerous opportunities to visit with prison physicians. Turley was seen by prison doctors on April 10, 2001, January 22, 2002, February 6, 2002, March 15, 2002, April 11, 2002, April 24, 2002, and July 19, 2002. Turley also was seen several times by medical technicians during this period.

As to Turley's hernia, Turley does not dispute that Defendants correctly diagnosed his right inguinal hernia. However, he asserts that Defendants were incorrect in prescribing conservative treatment for his hernia, and that Defendants' reluctance to immediately schedule

surgical repair for the hernia amounts to deliberate indifference. As the court has noted, Turley's hernia was reducible. Reducible hernias generally do not present medical emergencies, and generally do not call for immediate surgery. "In general, no urgent condition exists if the hernia is reducible." Http://www.mamc.amedd.army.mil/Referral/guidelines/gensurg_hernias.htm. "Hernias, even those that ache, if they are not tender and [are] easy to reduce (push back into the abdomen), are not surgical emergencies." Http://www.emedicinehealth.com/fulltext/13842.htm. "If the hernia is reducible (can easily be pushed back into the abdomen) it is not usually an immediate danger." Http://www.usurg.com/news/Hernia.htm. In prescribing a conservative course of treatment, rather than immediate surgery, Defendants thus were not deliberately indifferent to Turley's hernia. See Estelle, 429 U.S. at 104-05. Turley merely disagrees with the course of treatment prescribed by Defendants; such disagreement cannot, without more, establish deliberate indifference. See Snipes, 95 F.3d at 591. Finally, the court notes that Smith arranged for Turley to get a second opinion regarding his hernia, and that surgeons at UIC eventually did repair the hernia.

As to Turley's alleged knee problems, the court notes that Aguinaldo examined Turley's knee on at least two separate occasions, and determined that no abnormalities in the knee existed. On April 11, 2002, Aguinaldo found that the knee was not swollen or tender, that the patella was intact, and that Turley experienced no pain when flexing the knee. Despite this, Aguinaldo prescribed exercise and an ace bandage for Turley. Again, the fact that Turley disagrees with this course of treatment cannot, without more, establish deliberate indifference. See id.

The court has examined the record in this case, and determines that, given the totality of the medical care Turley received, and drawing all inferences in Turley's favor, there is no

8

genuine issue of material fact as to whether Defendants acted with deliberate indifference towards Turley's medical conditions. See Walker, 233 F.3d at 501. Turley was seen numerous times by both prison physicians and medical technicians. Turley's hernia was properly diagnosed by Defendants. Turley initially received conservative treatment for this hernia, but then received a second opinion, and finally surgery to correct the problem. Turley received treatment for his knee problems despite the fact that Aguinaldo could find nothing wrong with the knee. Turley's claim of deliberate indifference therefore fails. See Estelle, 429 U.S. at 104-06 (deliberate indifference constitutes "the unnecessary and wanton infliction of pain").

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, brought pursuant to Federal Rule of Civil Procedure 56(b), is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

Dated: 7-27-05